IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEPHEN HOOD, et al.,
          Plaintiffs,

v.                              CIVIL ACTION NO.   2:22-cv-00265

THE WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss filed by Defendant West Virginia Department of Health and Human Resources ("DHHR") [ECF No. 11], as well as DHHR's Motion to Seal Exhibit 1 to its Motion to Dismiss [ECF No. 9]. Plaintiffs have responded to the Motion to Dismiss [ECF No. 16], and DHHR has replied [ECF No. 19]. For the reasons stated herein, DHHR's motion to dismiss is **GRANTED** and the motion to seal is **DENIED as moot**.

I.    Background

Plaintiffs Mary and Stephen Hood are the biological grandparents and adoptive parents of the minor children J.H. and M.D. [ECF No. 1, ¶ 5]. This action arises out of J.H. and M.D.'s allegedly unlawful removal from Plaintiffs' custody for approximately five months from late 2020 to early 2021. Plaintiffs assert that J.H. and M.D. were taken away "without a court order or any evidence that the children

were being abused or neglected by Plaintiffs." *Id.* ¶ 46. After that initial removal, custody of J.H. and M.D. was formally transferred to DHHR pursuant to child abuse and neglect proceedings in the Circuit Court of Fayette County, West Virginia. *Id.* ¶ 48; [ECF No. 1-2]. Plaintiffs allege that the DHHR employees who instituted those proceedings "made several knowingly false statements to the Court." [ECF No. 1, ¶ 52]. "When J.H. and M.D. were finally returned to Plaintiffs' care and custody, both children exhibited signs of abuse and/or neglect." *Id.* ¶ 72.

Plaintiffs' Complaint sets forth thirteen claims, nine of which are made against Defendant DHHR: negligence (Count V), gross negligence (Count VI), prima facie negligence (Count VII), intentional infliction of emotional distress (Count VIII), abuse of process (Count IX), civil conspiracy (Count X), negligent hiring (Count XI), negligent supervision and training (Count XII), and negligent retention (Count XIII).

DHHR moves to dismiss these claims, arguing "Plaintiffs' Complaint must be dismissed, with prejudice, because DHHR is entitled to sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and is otherwise entitled to qualified immunity." [ECF No. 12, at 4]. DHHR further argues that, notwithstanding immunity, the Complaint lacks factual content necessary to form essential elements of Plaintiffs' claims and therefore must be dismissed for failure to state a claim upon which relief can be granted. *Id.* at 12.

## II. Legal Standard

A state's sovereign immunity, as expounded in the Eleventh Amendment, "is not truly a limit on the subject matter jurisdiction of federal courts, but a block on that jurisdiction." *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."). As such, the Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12 (b)(6). *See Wriston v. W. Va. Dep't of Health & Hum. Res.*, No. 2:20-cv-614, 2021 WL 4150709, at *2 (S.D. W. Va. Sept. 13, 2021). But when, as here, a party challenges the sufficiency—rather than truthfulness—of a complaint's allegations to sustain the court's jurisdiction, the court "must accept the allegations as true and proceed to consider the motion as it would a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (quoting *Price v. W. Va. Air Nat'l Guard, 130th Airlift Wing*, No. 2:15-cv-11002, 2016 WL 3094010, at *2 (S.D. W. Va. June 1, 2016)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as

3

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Discussion

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend. XI. The Supreme Court has interpreted the amendment to apply to a suit by a citizen of a state against that state. *Hans v. Louisiana*, 134 U.S. 1 (1890). A claim against an arm of the state is, for Eleventh Amendment purposes, properly considered one against the state itself. *See Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 469 (4th Cir. 1988). Because sovereign immunity poses a bar to federal jurisdiction, it applies to claims based on both state and federal law. *Id.*

As a state agency, DHHR is an arm of the state and is therefore entitled to sovereign immunity under the Eleventh Amendment. There are, however, exceptions to that immunity, and Plaintiffs argue[1] that one such exception applies in this case—namely, that the state has waived its right to immunity and consented to suit. [ECF

---

[1] The court agrees with DHHR that Plaintiffs' response to the instant motion was filed one day after the deadline for such response and is therefore untimely. [ECF Nos. 16, 19]; *see* Loc. R. Civ. P. 7.1(a)(7). I decline to strike Plaintiffs' briefing but caution counsel against failing to meet prescribed deadlines without seeking leave of the court or asserting any statement of good cause, excusable neglect, or other explanation.

No. 16, at 7–8]; *cf. Alden v. Maine*, 527 U.S. 706, 755 (1999) ("[S]overeign immunity bars suits only in the absence of consent.").

A state may waive its Eleventh Amendment immunity by enacting a statutory or constitutional provision containing an "'unequivocal' statement of the state's intention to subject itself to suit *in federal court*." *Westinghouse*, 845 F.2d at 470 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded on other grounds by statute*, Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, § 1003, 100 Stat. 1807, 1845, *as recognized in Lane v. Pena*, 518 U.S. 187, 198 (1996)) (emphasis in original). "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero*, 473 U.S. at 241 (declining to permit suit "[i]n the absence of an unequivocal waiver *specifically applicable to federal-court jurisdiction*" (emphasis added)). Waiver will be found only where stated "by the most express language, or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Westinghouse*, 845 F.2d at 470 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). "Because the eleventh amendment protects the state specifically against suit in federal court, a state's general waiver of sovereign immunity will not suffice to waive the immunity conferred by the eleventh amendment." *Id.* (internal citations omitted); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in courts of its own creation. Nor does it consent to

5

suit in federal court merely by stating its intention to 'sue and be sued,' or even by authorizing suits against it 'in any court of competent jurisdiction.'" (internal citations omitted)).

Plaintiffs rely on a provision of the West Virginia Code requiring that all insurance policies purchased for the state, or its agencies or departments, contain a provision by which the insurer agrees not to raise the "constitutional immunity" of the insured as a defense to third-party claims. W. Va. Code. § 29-12-5(a). West Virginia courts consistently interpret this provision to permit suits against the state by plaintiffs who specifically allege—as Plaintiffs have done here—that the recovery sought is limited to applicable insurance coverage. Syl. Pts. 1–2, *Parkulo v. W. Va. Bd. of Prob. & Parole*, 199 W. Va. 161 (1996); Syl. Pt. 2, *Pittsburgh Elevator Co. v. W. Va. Bd. of Regents*, 172 W. Va. 743 (1983) ("Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State."); [ECF No. 1, ¶ 11].

But those courts also suggest that "the state insurance policy exception to sovereign immunity, created by West Virginia Code § 29-12-5(a)(4) . . . applies only to immunity under the West Virginia Constitution." *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 662 (2015) (holding state insurance policy exception "does not extend to qualified immunity"); *cf.* W. Va. Const. art. VI, § 35 ("The State of West Virginia shall never be made defendant in any court of law or equity."). Neither the Supreme

6

Court of Appeals nor the West Virginia Legislature has directly addressed whether the Code operates to waive immunity pursuant to the Eleventh Amendment. *Cf. Wriston*, 2021 WL 4150709, at *6 ("[B]ecause whether a state waives sovereign immunity involves a question of state law, the federal courts are obligated to defer to the decision of the state's highest court on the issue."). Accordingly, federal courts have generally declined to find such a waiver in § 29-12-5. *See, e.g., Westinghouse*, 845 F.2d at 470 ("[W. Va. Code § 29-12-5] can, at most, be construed as waiving the state's immunity from suit in *state* court." (emphasis in original)); *Wriston*, 2021 WL 4150709, at *9 ("W. Va. Code. § 29-12-5 does not serve as a direct waiver of sovereign immunity under the Eleventh Amendment.").

I join those courts in finding that § 29-12-5 lacks the "unequivocal" language required for West Virginia to waive its sovereign immunity and consent to this suit in federal court. Defendant DHHR has asserted and is entitled to sovereign immunity pursuant to the Eleventh Amendment, and Plaintiffs do not argue that any other exceptions to that immunity should apply. DHHR's Motion to Dismiss [ECF No. 11] is **GRANTED**, and Defendant DHHR is hereby **DISMISSED**.[2]

Because DHHR's Motion to Dismiss is granted wholly on grounds of sovereign immunity, I do not consider DHHR's alternative arguments for dismissal. I therefore do not find it necessary to consider DHHR's proposed Exhibit 1 to its Motion to Dismiss. Accordingly, DHHR's Motion to Seal Exhibit 1 [ECF No. 9] is **DENIED as**

---

[2] Although I find that Plaintiffs' claims against DHHR are barred in federal court, my conclusion has no bearing on the propriety of bringing those claims in a state court or other forum.

moot. The clerk is **DIRECTED** to strike from the record the document attached to the motion to seal and to the motion to dismiss.

IV. Conclusion

For the foregoing reasons, DHHR's Motion to Dismiss [ECF No. 11] is **GRANTED**. I hereby dismiss, without prejudice, Plaintiffs' claims against DHHR in this matter. Plaintiffs' claims against Defendants Belcher, Farmer, and Frame remain pending. DHHR's Motion to Seal Exhibit 1 to its Motion to Dismiss [ECF No. 9] is **DENIED as moot** and the clerk is **DIRECTED** to strike from the record the document attached to the motion to seal and to the motion to dismiss.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 20, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE